IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

**Teresa Parsons**,

        Plaintiff,

    v.

**CAROLYN W. COLVIN, Acting Commissioner of Social Security**,

        Defendant.

No. 3:12-cv-00083-HU

OPINION AND ORDER

**MOSMAN, J.**,

On July 9th, 2013, Magistrate Judge Hubel issued his Findings and Recommendation ("F&R") [16] in the above-captioned case, recommending that the Commissioner's final decision be REVERSED and REMANDED for further proceedings. Plaintiff objected [18], and defendant responded [19].

The magistrate judge makes only recommendations to the court, to which any party may file written objections. I am not bound by the recommendations of the magistrate judge; instead, I retain responsibility for making the final determination. I am required to review de novo those portions of the report or any specified findings or recommendations within it to which an objection is made. 28 U.S.C. § 636(b)(1). However, I am not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those

1 – OPINION AND ORDER

portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether objections have been filed, in either case I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1).

Upon review, I agree with Judge Hubel's recommendation, and I ADOPT the F&R [16] as my own opinion. I write further to articulate an additional reason for holding that the ALJ did not err in her treatment of the evidence of plaintiff's degenerative disc disease. In determining a claimant's residual functional capacity and at Steps 4 and 5 the ALJ is required to consider all impairments, including those found to be not severe, in determining whether a claimant is disabled. 42 U.S.C. § 423(d)(2)(B); *see Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir. 2003). In *Lewis v. Astrue*, 498 F.3d 909 (9th Cir. 2007), the Ninth Circuit held that any failure to include an impairment at Step 2 is harmless where the ALJ goes on to discuss the impairment extensively at Step 4. *Id.*, 498 F.3d at 911.

ALJ Siderius gave great weight to the assessments of Drs. Thomas and Sultany, who had both diagnosed Ms. Parsons with degenerative disc disease. ALJ's Op. 23–24, ECF No. 9-3. She discussed their diagnoses and other objective medical evidence of degenerative disc disease, such as x-ray and MRI results. *Id.* 24–25. This shows that she considered these diagnoses in formulating Ms. Parsons' residual functional capacity and the vocational hypothetical, notwithstanding that at Step 2 she did not set out her reasons for not finding plaintiff's degenerative disc disease to be a severe impairment. Further, the vocational hypothetical included limitations consistent with the inclusion of plaintiff's degenerative disc disease impairment: the hypothetical stated that the individual required a sit/stand option and was limited

in such activities as stooping, crouching, and climbing. *Id.* 23. Because the ALJ considered the degenerative disc disease diagnoses in her formulation of plaintiff's residual functional capacity, the failure to find plaintiff's degenerative disc disease severe is at most harmless error. *See Lewis*, 498 F.3d at 911.

    IT IS SO ORDERED.

    DATED this 19TH day of September, 2013.

    /s/ Michael W. Mosman
    MICHAEL W. MOSMAN
    United States District Judge

3 – OPINION AND ORDER