UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TERESA PARSONS, | No. 3:12-cv-00083-HU |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Tim D. Wilborn
WILBORN LAW OFFICE, P.C.
P.O. Box 370578
Las Vegas, NV 89137

    Attorney for Plaintiff

Adrian L. Brown
U.S. Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

Leisa A. Wolf
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

    Attorneys for Defendant

Page 1 - FINDINGS AND RECOMMENDATION

HUBEL, Magistrate Judge:

Before the Court is Plaintiff Teresa Parsons' ("Plaintiff") unopposed motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff's counsel seeks approval of an EAJA award in the amount of $6,859.93. For the reasons that follow, Plaintiff's motion (Docket No. 22) for EAJA fees should be granted.

## I. FACTS AND PROCEDURAL HISTORY

On January 29, 2008, Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") under Titles II and XVI of the Social Security Act. Both of Plaintiff's applications alleged a disability onset date of November 1, 2006. The applications were denied initially on June 17, 2008, and upon reconsideration on October 23, 2008. Plaintiff appeared and testified at a hearing held on February 26, 2010, before Administrative Law Judge ("ALJ") Caroline Siderius. The ALJ issued a decision denying Plaintiff's claim for benefits on March 12, 2010. Plaintiff then requested review of the ALJ's decision, which was subsequently denied by the Appeals Council on November 14, 2011. As a result, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner") that was subject to judicial review.

On January 17, 2012, Plaintiff filed the present action, seeking judicial review of the Commissioner's decision denying her applications for DIB and SSI. On September 19, 2013, Judge Mosman adopted this Court's Findings and Recommendation in the above-captioned case, recommending that the Commissioner's decision be reversed and remanded for further proceedings. Essentially, this

Page 2 - FINDINGS AND RECOMMENDATION

Court agreed with Plaintiff that: (1) the ALJ erred in failing to find that her carpal tunnel syndrome was a severe impairment; and (2) the ALJ's error at step two of the five-step sequential evaluation process was not harmless. Plaintiff's unopposed motion for EAJA fees followed on December 12, 2013.

## II. DISCUSSION

**A.   Substantial Justification**

EAJA requires an award of attorneys' fees to the prevailing plaintiff in a social security case, "unless the court finds that the position of the United States was substantially justified or . . . special circumstances make an award unjust." 28 U.S.C. § 2412(d). The Commissioner's lack of opposition to the pending fee request demonstrates that her position was not substantially justified here, and the Court agrees that it was not.

**B.   Reasonableness of the EAJA Request**

If the position of the Commissioner is not "substantially justified," then the Court has discretion to determine whether the requested fees are reasonable. *Sanford-Murray v. Astrue*, No. 3:11-cv-01049-SI, 2013 WL 54018, at *3 (D. Or. Jan. 3, 2013) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)). The critical factor in evaluating the reasonableness of the EAJA request is the "degree of success attained." *Id.* Although deference should generally be given to the winning lawyer's professional judgment, "a district court can impose a reduction of up to 10 percent—a 'haircut'—based purely on the exercise of its discretion and without more specific explanation." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

A more specific explanation is required, however, "where the district court . . . cut[s] the number of hours by twenty to twenty-five percent." *Id.*

As an initial observation, the Court notes that Plaintiff's counsel has submitted an extremely detailed itemization, with specific dates and times regarding each and every task that was completed. The bulk of counsel's time was spent on: (1) reviewing the 800-page transcript; (2) outlining, drafting and editing the 20-page opening brief; (3) drafting the 9-page reply brief; and (4) drafting the 6-page objection after reviewing this Court's 28-page Findings and Recommendation. With respect to items (1) and (2), counsel spent a total of approximately 18.5 hours combined. With respect to items (3) and (4), counsel spent a total of approximately 9.2 hours combined. The total time spent on items (1)-(4) amounts to 27.7 of the 39 hours claimed.

In the Court's view, and apparently the Commissioner's as well, Plaintiff's counsel's EAJA fee request is reasonable and deference should be given to his professional judgment as to how much time he was required to spend on this case. That is particularly true where, as here, the social security practitioner maintains and submits meticulous time records in support of an agreed-upon lesser amount of EAJA fees (*i.e.*, a self-imposed haircut).

As to the calculation of the award, the EAJA sets a $125 per hour ceiling "unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). To adjust for the cost of living, the Ninth Circuit applies the national Consumer Price Index for All Urban Consumers

Page 4 - FINDINGS AND RECOMMENDATION

(the "CPI-U"), not seasonally adjusted, and applying the "all items" index. *Jones v. Espy*, 10 F.3d 690, 692-93 (9th Cir. 1993). The cost-of-living increase is "calculated by multiplying the $125 statutory maximum hourly rate by the . . . CPI-U for the years in which the attorney's work was performed and dividing by the CPI-U figure for March 1996 (155.7), the effective date of the statutory maximum hourly rate." *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009) (citing *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005)).

The applicable statutory maximum hourly rates under the EAJA, adjusted for increases in the cost of living, are as follows: 2013—$187.01 ($125 multiplied by 233.049, divided by 155.7); 2012—$184.32; and 2011—$180.59. *See Shreves v. Colvin*, No. CV-11-8076-PCT, 2013 WL 4010993, at *4 n.2 (D. Ariz. Aug. 6, 2013). Multiplying counsel's requested hours for the respective years results in attorney fees of $397.30 for 2011 (2.2 hours multiplied by $180.59); $4,386.82 for 2012 (23.8 hours multiplied by $184.32); $2,431.13 for 2013 (13.0 hours multiplied by $187.01); and a total of $7,215.25 for all three years. However, the parties have agreed on a lesser fee of $6,859.93.

### III. CONCLUSION

For the reasons stated, Plaintiff's motion (Docket No. 22) for EAJA fees should be granted, and Plaintiff's counsel should be awarded $6,859.93 in EAJA fees.

### IV. SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **April 14, 2014.** If no objections are filed, then the Findings and Recommendation will go

under advisement on that date.  If objections are filed, then a response is due **May 1, 2014.**  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

    Dated this  24th   day of March, 2014.

                                               /s/ Dennis J. Hubel
                              _____
                                            DENNIS J. HUBEL
                              United States Magistrate Judge

Page 6 - FINDINGS AND RECOMMENDATION